**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

JUAN MACHIC-SATEY,                    )
                                      )
                   Petitioner,        )
                                      )
v.                                    )          Case No. CIV-26-00336-JD
                                      )
SCARLET GRANT, et al.,                )
                                      )
                   Respondents.       )

## <u>ORDER</u>

Before the Court is Petitioner Juan Machic-Satey's ("Petitioner") Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 ("Petition"). [Doc. No. 1]. Respondents filed a Response in Opposition to Petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. [Doc. No. 9]. Petitioner filed a Reply. [Doc. No. 11].

An Immigration Judge ("IJ") entered an order of removal as to Petitioner on March 24, 2026. [Doc. No. 13-1]. Petitioner filed a letter notice with the Court indicating he appealed the order of removal. [Doc. No. 14]. However, a review of the Executive Office of Immigration Review's Automatic Case Information System indicates that no such appeal was ever docketed, and the Court takes judicial notice of this. *See* EOIR Automated Case Information System, https://acis.eoir.justice.gov/en/ (last accessed May 12, 2026); *Winzler v. Toyota Motor Sales U.S.A., Inc.*, 681 F.3d 1208, 1213 (10th Cir. 2012) ("The contents of an administrative agency's publicly available files . . . traditionally qualify for judicial notice . . . .").

The Court lacks any jurisdiction to examine whether Petitioner properly appealed his removal order. 8 U.S.C. § 1252(a)(5), (g). Because the Petition's grounds for relief center on statutes and doctrine governing pre-final-removal-order detention, the Petition must be dismissed for failure to state a claim. *See* [Doc. No. 1 at 6]. However, the Court will grant leave for Petitioner to file an amended petition.

For these reasons, the Court DISMISSES the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. [Doc. No. 1]. Petitioner may file an Amended Petition on or before **May 26, 2026**. If the Petitioner does not file an Amended Petition by the deadline of May 26, 2026, the Court will enter judgment of dismissal without prejudice, without notice or further opportunity to cure.

IT IS SO ORDERED this 12th day of May 2026.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE